**NOT FOR PUBLICATION**

FILED



UNITED STATES COURT OF APPEALS

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE CHALES ORDONES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-45

Agency No.
A200-106-222

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2024**
Pasadena, California

Before: GRABER, IKUTA, and FORREST, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jose Chales Ordones,[1] a native of Guatemala and a member of the Mam Mayan indigenous community, petitions for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of a final order of removal issued by an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

In the circumstances of this case, "[w]e review both 'the reasons explicitly identified by the BIA' and 'the reasoning articulated in the IJ's oral decision in support of those reasons.'" *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)).

Substantial evidence supports the IJ's adverse credibility determination, which was affirmed by the BIA. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021); 8 U.S.C. § 1158(b)(1)(B)(iii), § 1252(b)(4)(B). Chales Ordones's testimony about the Guatemalan government's lack of response to the kidnapping and murder of a Mayan girl from his community contradicted a news article that he

---

[1] The Notice to Appear, the government's answering brief, and the agency decisions, refer to the petitioner as "Jose Chales-Ordones." The petitioner's asylum applications refer to him as "Jose Chales Ordonez." His opening brief refers to him as "Mr. Chales," but lists his full name as "Jose Chales-Ordones." To avoid confusion, we refer to the petitioner as "Jose Chales Ordones."

2

submitted as evidence. The BIA reasonably rejected Chales Ordones's argument that he did not know about this article, given his testimony that he provided the documents regarding the incident to his attorney. In addition, Chales Ordones's testimony that he was not fluent in Spanish contradicted his previously filed asylum applications stating that he was fluent in Spanish. Because his testimony and applications both used the same word, "fluent," it is irrelevant that the word "fluent" could have multiple meanings. Moreover, Chales Ordones lied that he was from Mexico, once in 2002 to a Border Patrol Officer, and a second time while under oath before an IJ at his removal proceedings in 2006. Lying to immigration authorities "always counts as substantial evidence supporting an adverse credibility finding" absent certain exceptions. *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Those exceptions are not present here, because Chales Ordones's lie under oath was not made "in order to flee his place of persecution or secure entry into the United States." *Id.* (quoting *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999)).

Absent Chales Ordones's credible testimony, the record evidence alone does not compel us to reach a conclusion contrary to the agency's conclusion. We therefore uphold the BIA's rulings as to asylum and withholding of removal. With respect to his CAT claim, we must consider the evidence apart from the disbelieved testimony. *See* 8 C.F.R. § 208.16(c)(3) ("[A]ll evidence relevant to the

3

possibility of future torture shall be considered . . . ."); *see also Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022) ("[A petitioner's] adverse credibility determination 'is not necessarily a death knell to CAT protection' if other evidence in the record alone establishes that he is eligible for CAT relief." (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010))).  The country conditions evidence in the record is too general to establish that Chales Ordones in particular would be tortured if removed to Guatemala.  *See Hussain v. Rosen*, 985 F.3d 634, 649–50, 650 n.8 (9th Cir. 2021) (noting that an applicant seeking CAT relief must demonstrate a "particularized threat" of future torture, and generalized evidence of violence will not suffice (citation omitted)).

**PETITION DENIED.**